UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 3:19cv404 |
| V. | ) | |
| | ) | |
| WILLIAM A. FOUCH a/k/a BILLY | ) | |
| FOUCH, | ) | |
| SOLIDARITY COMMUNITY FEDERAL | ) | |
| CREDIT UNION, | ) | |
| | ) | |
| Defendants. | | |

## COMPLAINT

Comes now Plaintiff United States of America, by counsel, for and on behalf of its agency, U.S. Department of Agriculture (USDA), and for its cause of action alleges the following:

## JURISDICTION

1.     This Court has jurisdiction pursuant to 28 U.S.C. Section 1345 and venue is proper.

## COUNT ONE
### (Default on Promissory Note)

2.     On or about May 2, 1991, Defendant William A. Fouch, a/k/a Billy Fouch (herein "William A. Fouch"), executed and delivered to Plaintiff a promissory note in the amount of $41,500.00.   A copy of said note is attached

hereto as "Exhibit 1."

3.     To secure payment of said promissory note Defendant William A.

Fouch executed and delivered to Plaintiff a mortgage on the following

described real estate in Cass County, to wit:

> Lot Number 62 in Broad Acres, a residential subdivision located in the
> Northwest Quarter of Section 33, Township 25 North, Range 3 East, a
> plat and description of such subdivision is found of record in Plat Book
> 4, at page 65 of the records on file in the Office of the Recorder of Cass
> County, Indiana.
>
> Commonly known as: 426 S. Maple, Galveston, Indiana 46932
>
> (the "Subject Property").

The mortgage was recorded in the Office of the Recorder of Cass County,

Indiana, on May 2, 1991, in Book 301 at Page 189, a copy of which is attached

hereto as "Exhibit 2."

4.     As a part of this transaction, Defendant William A. Fouch

executed a Subsidy Repayment Agreement ("Subsidy Agreement"), a copy of

which is attached hereto as "Exhibit 3."   By this agreement, the United

States agreed to defer a portion of the accruing interest so long as there was

no default, but in the event of a default, the credited interest becomes due as

an *in rem* charge secured by the mortgage.   There is due under the Subsidy

Agreement the sum of $7,171.00.

5.     The Defendant William A. Fouch executed a Reamortization

Agreement on October 2, 1992, a copy of which is attached hereto as "Exhibit 4." The loan's reamortization took effective October 2, 1992.

6.     Plaintiff is the holder of the promissory note, mortgage and Subsidy Agreement.

7.     Defendant William A. Fouch is in default in repayment of the obligations due to Plaintiff under the terms of the promissory note.

8.     The Plaintiff accelerated the indebtedness and made demand for payment in full, and no payment has been received.   All conditions precedent to the assertion of this cause of action against Defendant William A. Fouch has been satisfied and/or have occurred.

9.     Defendant William A. Fouch owes Plaintiff, pursuant to the note and mortgage, the sum of $75,678.29 consisting of $47,561.38 in principal and $20,945.91 in accrued interest as of April 10, 2019, with interest thereafter at the rate of $10.3502 per day to the date of judgment, plus interest credit under the Subsidy Agreement in the sum of $7,171.00.   In addition, the government may incur additional costs and expenses associated with the preservation and sale of the real property, which may become due and owing under the terms of the note and mortgage.

## COUNT TWO

### (Foreclosure)

9.    Plaintiff restates and incorporates by reference allegations 1 through 8 as though fully stated herein.

10.    Defendant Solidarity Community Federal Credit Union is made a defendant to answer as to its interest in the real estate by virtue of a mortgage in the amount of $30,000.00 dated January 26, 2004, and recorded February 4, 2004 as Instrument No. 04000663, in the Office of the Recorder of Cass County.

11.    The mortgage of Plaintiff is prior and paramount to the interest of all other parties to this action.

WHEREFORE, Plaintiff respectfully prays that the Court:

A.  Enter judgment *in rem* against the mortgaged real estate in the amount of $75,678.29, together with interest accruing after April 10, 2019, to date of judgment at the rate of $10.3502 per day, plus any such further costs and expenses as may be incurred to the date of sale of the property and *in personam* against Defendants William A. Fouch, in the amount of $68,507.29 (the *in rem* judgment minus the differed interest or subsidy recapture in the amount of $7,171.00), and all other costs herein;

B.  Enter an order declaring Plaintiff's mortgage to be prior and paramount to the interests of all other parties and determining the amount and priorities of the interests of all parties to the real estate;

and an order foreclosing the equity of redemption of defendants in the real estate;

C. Enter an order directing the sale of the property by the U.S. Marshall and application of the proceeds first to the costs of sale, second to payment of the judgment of Plaintiff, with any then-remaining proceeds paid to the Clerk of the Court to be disposed of as the Court shall direct;

D. Issue a Writ of Assistance upon proper Praecipe if the purchaser of the real estate be denied possession; and

E. Award such other and further relief as is just and proper in the premises.

Respectfully submitted,

THOMAS L. KIRSCH II
UNITED STATES ATTORNEY

By:    *s/Deborah M. Leonard*
       Deborah M. Leonard
       Assistant United States Attorney
       United States Attorney's Office
       Northern District of Indiana
       5400 Federal Plaza, Suite 1500
       Hammond, IN 46320
       Tel:   (260) 422-2595
       Fax: (219) 852-2770
       Email: deborah.leonard@usdoj.gov

5

USDA-FmHA
Form FmHA 1940-16
(Rev. 8/87)

**PROMISSORY NOTE**

| TYPE OF LOAN |
|---|
| RURAL HOUSING |

| STATE |
|---|
| Indiana |
| COUNTY |
| Cass |
| CASE NO. |
| 15-09-314 80 1308 |

Date _____ 5/2 _____, 19 91.

FOR VALUE RECEIVED, the undersigned (whether one or more persons, herein called "Borrower") jointly and severally promise to pay to the order of the United States of America, acting through the Farmers Home Administration, United States Department of Agriculture, (herein called the "Government") at its office in _____

Logansport, Indiana 46947 _____,

THE PRINCIPAL SUM OF FORTY ONE THOUSAND FIVE HUNDRED AND NO/100-----------------------

DOLLARS ($ 41,500.00------------------------------), plus INTEREST on the UNPAID PRINCIPAL of

EIGHT AND THREE QUARTERS PERCENT ( 8.7500 %) PER ANNUM.

Payment of the said Principal and Interest shall be as agreed between the Borrower and the Government using one of three alternatives as indicated below: (check one)

☐ I.   Principal and Interest payments shall be deferred. The interest accrued to _____, 19_____

shall be added to the Principal. Such new Principal and later accrued Interest shall be payable in _____ regular amortized installments on the dates indicated in the box below. Borrower authorizes the Government to enter the amount of

such new Principal herein $_____ and the amount of such regular installments in the box below, when such amounts have been determined.

☐ II.   Payment of Interest shall not be deferred. Installments of accrued Interest shall be payable on the _____

of each _____ beginning on _____, 19____, through _____, 19____,

Principal and later accrued Interest shall be paid in _____ installments as indicated in the box below;

☒ III.   Payments shall not be deferred. Principal and Interest shall be paid in 396 installments as indicated in the box below:

| | |
|---|---|
| $ 321.00 on June 2 nd , 19 91 , and | |
| $ 321 thereafter on the 2 nd of each month | |

until the PRINCIPAL and INTEREST are fully paid except that the FINAL INSTALLMENT of the entire indebtedness

evidenced hereby, if not sooner paid, shall be due and PAYABLE thirty three ( 33 ) YEARS from the DATE of this NOTE. The consideration herefor shall support any agreement modifying the foregoing schedule of payments.

**EXHIBIT 1**

If the total amount of the loan is not advanced at the time of loan closing, the loan shall be advanced to the Borrower as requested by Borrower and approved by the Government. Approval of the Government is mandatory provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from its actual date as shown on the reverse hereof. Borrower authorizes the Government to enter the amount and date of such advance in the Record of Advances.

Payment of principal and interest shall be applied in accordance with FmHA accounting procedures in effect on the date of receipt of the payment. Borrower agrees to pay late charges in accordance with FmHA regulations in effect when a late charge is assessed.

Prepayments of scheduled installments, or any portion thereof, may be made at any time of the option of Borrower. Refunds and extra payments, as defined in the regulations (7CFR §1951.8) of the Farmers Home Administration according to the source of funds involved, shall, after payment of interest, be applied in accordance with FmHA regulations and accounting procedures in effect on the date of receipt of payments.

Borrower agrees that the Government at any time may assign this note. If the Government assigns the note and insures the payment thereof, and in such case, though the note is not held by the Government, Borrower shall continue to pay to the Government, as collection agent for the holder, all installments of principal and interest as scheduled herein.

If this note is held by an insured lender, prepayments made by Borrower may, at the option of the Government, be remitted by the Government to the holder promptly or, except for final payment, be retained by the Government and remitted to the holder on either a calendar quarter basis or an annual installment due date basis. The effective date of any prepayment retained and remitted by the Government to the holder on an annual installment due date basis shall be the date of the prepayment by Borrower, and the Government will pay the interest to which the holder is entitled accruing between the effective date of any such prepayment and the date of the Treasury check to the holder.

CREDIT ELSEWHERE CERTIFICATION: Borrower hereby certifies that he/she is unable to obtain sufficient credit elsewhere to finance his/her actual needs at reasonable rates and terms, taking into consideration prevailing private and cooperative rates and terms in or near his/her community for loans for similar purposes and periods of time, and that the loan evidenced hereby shall be used solely for purposes authorized by the Government.

LEASE OR SALE OF PROPERTY: If the property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced hereby is (1) leased or rented with an option to purchase, (2) leased or rented without option to purchase for a term exceeding 3 years, or (3) sold or title is otherwise conveyed, voluntarily or involuntarily, the Government may at its option declare the indebtedness evidenced hereby immediately due and payable.

REFINANCING AGREEMENT: Borrower hereby agrees to provide periodic financial information as requested by the Government. If at any time it shall appear to the Government that Borrower may be able to obtain a loan from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, Borrower will, at the Government's request, apply for and accept a loan in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. This paragraph and the preceding paragraph shall not apply to any comaker signing this note pursuant to Section 502 of the Housing Act of 1949 to compensate for deficient repayment ability of other undersigned person(s).

CREDIT SALE TO NONPROGRAM BORROWER: The provisions of the paragraphs entitled "Credit Elsewhere Certification," and "Refinancing Agreement" do not apply if (1) this promissory note represents in whole or part payment for property purchased from the Government and (2) the loan represented by this promissory note was made to the borrower as an nonprogram borrower under Title V of the Housing Act of 1949, as amended, and regulations promulgated thereunder.

DEFAULT: Failure to pay when due any debt evidenced hereby or perform any covenant or agreement hereunder shall constitute default under this instrument and any other instrument evidencing a debt of Borrower owing to, insured or Guaranteed by the Government or securing or otherwise relating to such a debt; and default under any such other instrument shall constitute default hereunder. UPON ANY SUCH DEFAULT, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

This Note is given as evidence of a loan to Borrower made or insured by the Government pursuant to the Title V of the Housing Act of 1949 and for the type of loan as is indicated in the "TYPE OF LOAN" block above. This Note shall be subject to the present regulations of the Farmers Home Administration and to its future regulations not inconsistent with the express provisions hereof.

)                                                          )

**EXHIBIT 1**

Presentment, protest, and notice are hereby waived.

_____     (SEAL)
William A. Fouch        *(BORROWER)*

_____     (SEAL)
                        *(SPOUSE)*

426 S. Maple

Galveston, IN 46932

"A Reamoritized and/or Deferral Agreement dated 10-2-92 in
the amount of $41,686.92 has been given to modify the
payment schedule of this note."

| RECORD OF ADVANCES | | | | | |
|---|---|---|---|---|---|
| AMOUNT | DATE | AMOUNT | DATE | AMOUNT | DATE |
| (1) $ 41,500.00 | 5/2/91 | (8) $ | | (15) $ | |
| (2) $ | | (9) $ | | (16) $ | |
| (3) $ | | (10) $ | | (17) $ | |
| (4) $ | | (11) $ | | (18) $ | |
| (5) $ | | (12) $ | | (19) $ | |
| (6) $ | | (13) $ | | (20) $ | |
| (7) $ | | (14) $ | | (21) $ | |
| | | | TOTAL | $ 41,500.00 | 5/2/91 |

☆ U.S. Government Printing Office: 1987—723-431/61919

*Position 2*                    FmHA 1940-16 (Rev. 8/87)

**EXHIBIT 1**

USDA-FmHA
Form FmHA 427-1 IN
(Rev. 6-90)

Position 5

**001951**

REAL ESTATE MORTGAGE FOR INDIANA

MAY 20 1991

THIS MORTGAGE is made and entered into by _____ WILLIAM A. FOUCH

residing in _____ Cass _____ County, Indiana, whose post office

address is __ 426 S. Maple, Galveston __, Indiana __ 46932 __,
herein called "Borrower" and the United States of America, acting through the Farmers Home Administration, United States
Department of Agriculture, herein called the "Government":

WHEREAS Borrower is indebted to the Government as evidenced by one or more promissory note(s) or assumption
agreement(s) or any shared appreciation or recapture agreement, herein called "note," which has been executed by Borrower,
is payable to the order of the Government, authorizes acceleration of the entire indebtedness at the option of the Govern-
ment upon any default by Borrower, and is described as follows:

| Date of Instrument | Principal Amount | Annual Rate of Interest | Due Date of Final Installment |
|---|---|---|---|
| 5/2/91 | $41,500.00 | 8.75% | 5/2/2024 |

(The interest rate for limited resource farm ownership or limited resource operating loan(s) secured by this instrument
may be increased as provided in the Farmers Home Administration regulations and the note.)

And the note evidences a loan to Borrower, and the Government, at any time, may assign the note and insure the
payment thereof pursuant to the Consolidated Farm and Rural Development Act, or Title V of the Housing Act of 1949, or
any other statute administered by the Farmers Home Administration.

And it is the purpose and intent of this instrument that, among other things, at all times when the note is held by the
Government, or in the event the Government should assign this instrument without insurance of the note, this instrument
shall secure payment of the note; but when the note is held by an insured holder, this instrument shall not secure payment of
the note or attach to the debt evidenced thereby, but as to the note and such debt shall constitute an indemnity mortgage to
secure the Government against loss under its insurance contract by reason of any default by Borrower;

And this instrument also secures the recapture of any interest credit or subsidy which may be granted to the Borrower
by the Government pursuant to 42 U.S.C. §1490a or any amounts due under any Shared Appreciation Agreement/Recap-
ture Agreement entered into pursuant to 7 U.S.C. 2001:

NOW, THEREFORE, in consideration of the loan(s) and (a) at all times when the note is held by the Government, or in
the event the Government should assign this instrument without insurance of the payment of the note, to secure prompt
payment of the note and any renewals and extensions thereof and any agreements contained therein, including any provision
for the payment of an insurance or other charge, (b) at all times when the note is held by an insured holder, to secure per-
formance of Borrower's agreement herein to indemnify and save harmless the Government against loss under its insurance
contract by reason of any default by Borrower, and (c) in any event and at all times to secure the prompt payment of all
advances and expenditures made by the Government, with interest, as hereinafter described, and the performance of every
covenant and agreement of Borrower contained herein or in any supplementary agreement, Borrower does hereby mortgage,

assign and warrant unto the Government the following property situated in the State of Indiana, County(ies) of _____

_____ Cass _____ :

RECORDED

MAY 0 2 91

INST. _Mtg_ BK _301_ PG _189_
FEE _$12.00_ TIME _3:05 P_
SARA WHITCOMB - RECORDER CASS CO.

FmHA 427-1 IN (Rev. 6-90)

**EXHIBIT 2**

BOOK _301_ PAGE _190_

Lot Numbered 62 in Broad Acres, a residential subdivision located in the Northwest Quarter of Section 33, Township 25 North, Range 3 East, a plat and description of such subdivision is found of record in Plat Book 4, at page 65 of the records on file in the Office of the Recorder of Cass County, Indiana.

together with all rights (including the rights to mining products, gravel, oil, gas, coal or other minerals), interests, easements, hereditaments and appurtenances thereunto belonging, the rents, issues, and profits thereof and revenues and income therefrom, all improvements and personal property now or later attached thereto or reasonably necessary to the use thereof, including, but not limited to, ranges, refrigerators, clothes washers, clothes dryers, or carpeting purchased or financed in whole or in part with loan funds, all water, water rights, and water stock pertaining thereto, and all payments at any time owing to Borrower by virtue of any sale, lease, transfer, conveyance, or condemnation of any part thereof or interest therein all of which are herein called "the property";

TO HAVE AND TO HOLD the property unto the Government and its assigns forever in fee simple.

BORROWER for Borrower's self, Borrower's heirs, executors, administrators, successors and assigns WARRANTS THE TITLE to the property to the Government against all lawful claims and demands whatsoever except any liens, encumbrances, easements, reservations, or conveyances specified hereinabove, and COVENANTS AND AGREES as follows:

(1)   To pay promptly when due any indebtedness to the Government hereby secured and to indemnify and save harmless the Government against any loss under its insurance of payment of the note by reason of any default by Borrower. At all times when the note is held by an insured holder, Borrower shall continue to make payments on the note to the Government, as collection agent for the holder.

(2)   To pay to the Government such fees and other charges as may now or hereafter be required by regulations of the Farmers Home Administration.

(3)   If required by the Government, to make additional monthly payments of 1/12 of the estimated annual taxes, assessments, insurance premiums and other charges upon the mortgaged premises.

(4)   Whether or not the note is insured by the Government, the Government may at any time pay any other amounts including advances for payment of prior and/or junior liens, required herein to be paid by Borrower and not paid by Borrower when due, as well as any costs and expenses for the preservation, protection, or enforcement of this lien, as advances for Borrower's account. All such advances shall bear interest at the rate borne by the note which has the highest interest rate.

(5)   All advances by the Government, including advances for payment of prior and/or junior liens, in addition to any advances required by the terms of the note, as described by this instrument, with interest shall be immediately due and payable by Borrower to the Government without demand at the place designated in the latest note and shall be secured hereby. No such advance by the Government shall relieve Borrower from breach of Borrower's covenant to pay. Any payment made by Borrower may be applied on the note or any indebtedness to the Government secured hereby, in any order the Government determines.

(6)   To use the loan evidenced by the note solely for purposes authorized by the Government.

(7)   To pay when due all taxes, liens, judgments, encumbrances, and assessments lawfully attaching to or assessed against the property, including all charges and assessments in connection with water, water rights, and water stock pertaining to or reasonably necessary to the use of the real property described above, and promptly deliver to the Government without demand receipts evidencing such payments.

(8)   To keep the property insured as required by and under insurance policies approved by the Government and, at its request to deliver such policies to the Government.

**EXHIBIT 2**

BOOK 301 PAGE 191

(9)   To maintain improvements in good repair and make repairs required by the Government; operate the property in a good and husbandmanlike manner; comply with such farm conservation practices and farm and home management plans as the Government from time to time may prescribe; and not to abandon the property, or cause or permit waste, lessening or impairment of the security covered hereby, or, without the written consent of the Government, cut, remove, or lease any timber, gravel, oil, gas, coal, or other minerals except as may be necessary for ordinary domestic purposes.

(10)   To comply with all laws, ordinances, and regulations affecting the property.

(11)   To pay or reimburse the Government for expenses reasonably necessary or incidental to the protection of the lien and priority hereof and to the enforcement of or the compliance with the provisions hereof and of the note and any supplementary agreement (whether before or after default), including but not limited to costs of evidence of title to and survey of the property, costs of recording this and other instruments, attorneys' fees, trustees' fees, court costs, and expenses of advertising, selling, and conveying the property.

(12)   Except as otherwise provided in the Farmers Home Administration regulations, neither the property nor any portion thereof or interest therein shall be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. The Government shall have the sole and exclusive rights as mortgagee hereunder, including but not limited to the power to grant consents, partial releases, subordinations, and satisfaction, and no insured holder shall have any right, title or interest in or to the lien or any benefits hereof.

(13)   At all reasonable times the Government and its agents may inspect the property to ascertain whether the covenants and agreements contained herein or in any supplementary agreement are being performed.

(14)   The Government may (a) adjust the interest rate, payment, terms or balance due on the loan, (b) increase the mortgage by an amount equal to deferred interest on the outstanding principal balance, (c) extend or defer the maturity of, and renew and reschedule the payments on, the debt evidenced by the note or any indebtedness to the Government secured by this instrument, (d) release any party who is liable under the note or for the debt from liability to the Government, (e) release portions of the property and subordinate its lien, and (f) waive any other of its rights under this instrument. Any and all this can and will be done without affecting the lien or the priority of this instrument or Borrower's or any other party's liability to the Government for payment of the note or debt secured by this instrument unless the Government says otherwise in writing. HOWEVER, any forbearance by the Government—whether once or often—in exercising any right or remedy under this instrument, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

(15)   If at any time it shall appear to the Government that Borrower may be able to obtain a loan from a production credit association, a Federal land bank, or other responsible cooperative or private credit source, at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will, upon the Government's request, apply for and accept such loan in sufficient amount to pay the note and any indebtedness secured hereby and to pay for any stock necessary to be purchased in a cooperative lending agency in connection with such loan.

(16)   Default hereunder shall constitute default under any other real estate, or under any personal property or other, security instrument held or insured by the Government and executed or assumed by Borrower, and default under any such other security instrument shall constitute default hereunder.

(17)   SHOULD DEFAULT occur in the performance or discharge of any obligation in this instrument or secured by this instrument, or should the parties named as Borrower die or be declared incompetent, or should any one of the parties named as Borrower be discharged in bankruptcy or declared an insolvent or make an assignment for the benefit of creditors, the Government, at its option, with or without notice may: (a) declare the entire amount unpaid under the note and any indebtedness to the Government hereby secured immediately due and payable, (b) for the account of Borrower incur and pay reasonable expenses for repair or maintenance of and take possession of, operate or rent the property, (c) upon application by it and production of this instrument, without other evidence and without notice of hearing of said application, have a receiver appointed for the property, with the usual powers of receivers in like cases, (d) foreclose this instrument as provided herein or by law, and (e) enforce any and all other rights and remedies provided herein or by present or future law.

(18)   The proceeds of foreclosure sale shall be applied in the following order to the payment of: (a) costs and expenses incident to enforcing or complying with the provisions hereof, (b) any prior liens required by law or a competent court to be so paid, (c) the debt evidenced by the note and all indebtedness to the Government secured hereby, (d) inferior liens of record required by law or a competent court to be so paid, (e) at the Government's option, any other indebtedness of Borrower owing to or insured by the Government, and (f) any balance to Borrower. At foreclosure or other sale of all or any part of the property, the Government and its agents may bid and purchase as a stranger and may pay the Government's share of the purchase price by crediting such amount on any debts of Borrower owing to or insured by the Government, in the order prescribed above.

(19)   Borrower agrees that the Government will not be bound by any present or future State laws prescribing any statute of limitations or limiting the conditions which the Government may by regulation impose, including the interest rate it may charge, as a condition of approving a transfer of the property to a new Borrower. Borrower expressly waives the benefit of any such State laws. Borrower hereby waives, to the fullest extent Borrower may lawfully do so under State law, the benefit of all State laws (a) providing for valuation, appraisal, homestead or exemption of the property, (b) prohibiting maintenance of an action for a deficiency judgment or limiting the amount thereof or the time within which such action may be brought, or (c) allowing any right of redemption or possession following any foreclosure sale. Borrower also hereby relinquishes, waives and conveys all rights, inchoate or consummate, of descent, dower, curtesy, and homestead.

(20)   If any part of the loan for which this instrument is given shall be used to finance the purchase, construction or repair of property to be used as an owner-occupied dwelling (herein called "the dwelling") and if Borrower intends to sell or rent the dwelling and has obtained the Government's consent to do so (a) neither Borrower nor anyone authorized to act for Borrower will, after receipt of a bona fide offer, refuse to negotiate for the sale or rental of the dwelling or will otherwise make unavailable or deny the dwelling to anyone because of race, color, religion, sex, national origin, handicap, familial status or age, and (b) Borrower recognizes as illegal and hereby disclaims, and will not comply with or attempt to enforce any restrictive covenants on the dwelling relating to race, color, religion, sex, national origin, handicap, familial status or age.

**EXHIBIT 2**

BOOK _301_ PAGE _192_

(21) Borrower further agrees that no loan proceeds will be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity, as further explained in 7 CFR Part 1940, Subpart G, Exhibit M.

(22) This instrument shall be subject to the present regulations of the Farmers Home Administration, and to its future regulations not inconsistent with the express provisions hereof.

(23) Notices given hereunder shall be sent by certified mail, unless otherwise required by law, addressed, unless and until some other address is designated in a notice so given, in the case of the Government to Farmers Home Administration, United States Department of Agriculture, at Indianapolis, Indiana 46224, and in the case of Borrower to Borrower at the address shown in the Farmers Home Administration Finance Office records (which normally will be the same as the post office address shown above).

(24) If any provision of this instrument or application thereof to any person or circumstances is held invalid, such invalidity will not affect other provisions or applications of the instrument which can be given effect without the invalid provision or application, and to that end the provisions hereof are declared to be severable.

IN WITNESS WHEREOF, Borrower has hereunto set Borrower's hand(s) and seal(s) this _____2nd_____ day

of _____May_____, 19 _91_

_____ (SEAL)
* William A. Fouch

_____ (SEAL)
*

STATE OF INDIANA   }
  }ss:
COUNTY OF _____CASS_____   }

Before me, _____the undersigned_____, a Notary Public, this _2nd_

day of _____May_____, 19 _91_ _____William A. Fouch_____

~~xxx~~_____ acknowledged the execution of the annexed mortgage.

_____
* Nelson J. Becker    Notary Public.
residing in Cass County, IN

(SEAL)

My commission expires _____11/25/92_____

The form of this instrument was prepared by the Office of the General Counsel of the United States Department of Agriculture, and the material in the blank spaces in the form was inserted by or under the direction of

Nelson J. Becker, Attorney at Law, 208 Fourth Street, Logansport, IN

_____

* Names of mortgagors and Notary must be printed, typed, or stamped just beneath their signatures.

☆ U.S. GOVERNMENT PRINTING OFFICE: 1990—757-052

**EXHIBIT 2**

FmHA Instruction 1951-I
Exhibit A

UNITED STATES DEPARTMENT OF AGRICULTURE
FARMERS HOME ADMINISTRATION

Subsidy Repayment Agreement

Date of Note _5/2/91_ Amount of Note $41,500.00 Date of Mortgage _5/2/91_

Date of Note _____ Amount of Note _____ Date of Mortgage _____

Type of Assistance: **Rural Housing**          1. Interest Credit
                                               2. Homeownership Assistance
                                                  Program

Address of Property:   _426 S. Maple_

                       _Galveston, IN 46932_

          BORROWER:   WILLIAM A. FOUCH

       CO-BORROWER:

1     This agreement entered into pursuant to 7 CFR 1951-I, between the
United States of America, acting through the Farmers Home Administration
(FmHA) (herein called "the Government") pursuant to section 521 of Title
V of the Housing Act of 1949 and the borrower(s) whose name(s) and
address(es) appears above (herein sometimes referred to as "borrower"),
supplements the note(s) from borrower to the Government as described
above, and any promissory note(s) for loans made to borrower in the
future by the Government.  Such future notes, when executed, will be
listed below the signature line of this Subsidy Repayment Agreement.

2     I (we) agree to the conditions set forth in this agreement for the
repayment of the subsidy granted me (us) in the form of interest credits
or Homeownership Assistance Program (HOAP) subsidy (hereinafter called
"subsidy").

3     I (we) agree that the real property described in the mortgage(s)
listed above is pledged as security for repayment of the subsidy
received or to be received.  I (we) agree that the subsidy is due and
payable upon the transfer of title or non-occupancy of the property by
me (us).  I (we) understand that the real estate securing the loan(s) is
the only security for the subsidy received.  I (we) further understand
that I (we) will not be required to repay any of the subsidy from other
than the value (as determined by the Government) of the real estate,
mortgaged by myself (ourselves) in order to obtain a Section 502 Rural
Housing (RH) loan.

(9-27-79)  SPECIAL PN

**EXHIBIT 3**

FmHA Instruction 1951-I
Exhibit A
Page 2

4    I (we) understand that so long as I (we) continue to own the
property and occupy the dwelling as my (our) residence, I (we) may repay
the principal and interest owed on the loan and defer repaying the
subsidy amount until title to the property is conveyed or the dwelling
is no longer occupied by me (us).  If such a request is made, the amount
of subsidy to be repaid will be determined when the principal and
interest balance is paid.  The mortgage securing the FmHA RH loan(s)
will not be released of record until the total amount owed the
Government has been repaid.

5    I (we) agree that Paragraph 6 of this agreement is null and void
should the property described in the mortgage(s) be voluntarily conveyed
to the Government or liquidated by foreclosure.

6    When the debt is satisfied by other than voluntary conveyance of
the property to the Government or by foreclosure, I (we) agree that sale
proceeds will be divided between the Government and me (us) in the
following order:

    (a)  Unpaid balance of loans secured by a prior mortgage as well as
    real estate taxes and assessments levied against the property which
    are due will be paid.

    (b)  Unpaid principal and interest owed on FmHA RH loans for the
    property and advances made by FmHA which were not subsidy and are
    still due and payable will be paid to the Government.

    (c)  I (we) will receive from the sale proceeds actual expenses
    incurred by me (us) necessary to sell the property.  These may
    include sales commissions or advertising cost, appraisal fees,
    legal and related costs such as deed preparation and transfer
    taxes.  Expenses incurred by me (us) in preparing the property for
    sale are not allowed unless authorized by the Government prior to
    incurring such expenses.  Such expenses will be authorized only
    when FmHA determines such expenses are necessary to sell the
    property, or will likely result in a return greater than the
    expense being incurred.

    (d)  I (we) will receive the amount of principal paid off on the
    loan calculated at the promissory note interest rate.

    (e)  Any principal reduction attributed to subsidized interest
    calculations will be paid to the Government.

    (f)  I (we) will receive my original equity which is the difference
    between the market value of the security, as determined by the FmHA
    appraisal at the time the first loan subject to recapture of
    subsidy was made, and the amount of the FmHA loan(s) and any prior
    lien.  This amount is ____-0-____ and represents ___-0-___
    percent of the market value of the security.  (The percent is

**EXHIBIT 3**

FmHA Instruction 1951-I
Exhibit A
Page 3

determined by dividing my (our) original equity by the market value
of the security when the loan was closed.) The dollar amounts and
percent will be entered at the time this agreement is signed by me
(us) and will be part of this agreement.

(g) The remaining balance, after the payments described in (a)
through (f) above have been paid is called value appreciation. The
amount of value appreciation to be paid to the Government, in
repayment or the subsidy granted, is the lesser if (1) the full
amount of the subsidy or (2) an amount determined by multiplying
the value appreciation by the appropriate factor in the following
table.

Average interest rate paid by me (us)

| No. of Months the Loan was Outstanding | 1% or Less | 1.1 to 2% | 2.1 to 3% | 3.1 to 4% | 4.1 to 5% | 5.1 to 6% | 6.1 to 7% | 7.1 or greater |
|---|---|---|---|---|---|---|---|---|
| 0 to 59 | .78 | .68 | .60 | .51 | .44 | .32 | .22 | .11 |
| 60 to 119 | .75 | .66 | .58 | .49 | .42 | .31 | .21 | .11 |
| 120 to 179 | .73 | .63 | .56 | .48 | .40 | .30 | .20 | .10 |
| 180 to 239 | .65 | .56 | .49 | .42 | .36 | .26 | .18 | .09 |
| 240 to 299 | .59 | .51 | .46 | .38 | .33 | .24 | .17 | .09 |
| 300 to 359 | .53 | .45 | .40 | .34 | .29 | .21 | .14 | .09 |
| 360 to 396 | .47 | .40 | .36 | .31 | .26 | .19 | .13 | .09 |

(h) I (we) will receive the amount of value appreciation less the
amount paid the Government as determined in (g) above. I (we) will
also receive an additional amount in proportion to my original
equity by reducing the amount of value appreciation due to the
Government by the percent of my (our) original equity as shown in
(f) above.

(i) If I (we) am the recipient of HOAP, the amount of value
appreciation to be recaptured will be calculated as if I (we) had
paid 1 percent interest on the loan, unless the average interest
rate paid by me (us) was greater than 1 percent. In such cases it
will be determined based on the average interest rate paid by me
(us).

(j) If this agreement is for a subsequent loan(s) only, the amount
of repayment determined in (g) above will be reduced by the
following percent:    -0-   . This percent will be determined by
dividing the amount of the loan(s) subject to recapture by the
total outstanding RH debt. This percentage will be entered at the
time I (we) sign this agreement.

(k) If this agreement is for more than one loan that is subject to
recapture, the subsidy repayment computations will be based on the
total subsidy granted on all loans.

(9-27-79)  SPECIAL PN

**EXHIBIT 3**

FmHA Instruction 1951-I
Exhibit A
Page 4

7     When a FmHA RH loan is repaid by other than foreclosure, voluntary
conveyance or sale of property, the amount of subsidy to be repaid the
Government will be determined in the same manner as described in
paragraph 6 of this Exhibit but based on the appraised value determined
by FmHA instead of sales price. In such cases, the subsidy due the
Government will remain a lien on the property until paid. It must be
paid upon non occupancy, sale or transfer of title to the property.

8     I (we) have read and agree to the provisions of this agreement.


_____ Borrower
William A. Fouch

_____ Co-Borrower

_____
    Date Signed
    5 / 2 / 91


Accepted and Agreed to

By _____ (FmHA Official)
    Michael E. Cunningham
    County Supervisor              (Title)

_____
    Date
    5 / 2 / 91


**EXHIBIT 3**

USDA-FmHA
Form FmHA 452-2
(4-17-78)                    REAMORTIZATION and/or DEFERRAL AGREEMENT

| BORROWER CASE NUMBER | | | FUND CODE | LOAN NUMBER | EFFECTIVE DATE OF REAMORTIZATION | | |
|---|---|---|---|---|---|---|---|
| St. | Co. | Borrower ID | | | Month | Day | Year |
| 15 | 09 | | 46 | | 10 | 02 | 92 |

The United States of America, acting through the Farmers Home Administration, United States Department of Agriculture (called the "Government"), is the owner and holder of a promissory note or assumption agreement (new terms)

in the principal sum of __FORTY ONE THOUSAND FIVE HUNDRED------------__Dollars ($ _41,500.00_ ),

plus interest on the unpaid principal of _EIGHT & THREE QUARTERS_ percent ( _8.75_%) per year, which was made or assumed by

_William A. Fouch_ _____ and _____

(called "I/We"), dated _____ _May 2_ _____ , 19 _91_ , and payable to the order of the Government. The

unpaid principal balance (including advances) is $ _41,487.41_ _____ . The accrued interest to date is

$ _199.51_ _____ . The total debt to date is $ _41,686.92_ _____ , which now is principal.

Because one or more of the conditions set forth in Farmers Home Administration regulations have been met for obtaining a reamortization or deferral of the debt, the Government agrees to grant this reamortization or deferral of said loan and I/we agree to make payments using one of two alternatives as indicated below:  (check one)

☐  A.   Reamortization

(1)  The first installment in the amount of $ _326.00_ _____ , will be due and payable on

____ _November 2_ _____ , 19 _92_ .

(2)  Thereafter, regular installments, each in the amount of $ _326.00_ _____ , will be due and

payable on the _second (2nd)_ _____ of each _month_ _____ until the principal and interest are paid, except that the final installment of the entire debt, if not paid sooner, will be due and payable on

_May 2_ _____ , _2024_ .

☐  B.   Deferral and Reamortization

Installments shall be deferred as indicated in the table below. All unpaid interest accrued to _____ .

19 _____, shall be added to the principal. The new installment schedule will be as follows:

$ _____ on _____ , 19 _____

$ _____ on _____ , 19 _____

$ _____ on _____ , 19 _____

$ _____ on _____ , 19 _____

$ _____ on _____ , 19 _____

$ _____ on _____ , 19 _____

and $ _____ thereafter on the 1st of January of each year until the principal and interest are paid, except that the final installment of the entire debt, if not paid sooner, will be due and payable on

_____ , _____

*Position 2*                                      Form FmHA 452-2 (4-17-78)
**Exhibit 4**

Nothing in this agreement affects any of the terms or conditions of the note or assumption agreement, or the instruments securing it, other than the payment schedule (which includes the due date of the final installment).

Upon default in the payment of any one of the above installments or in case of a failure to comply with any of the conditions and agreements contained in the above-described note or assumption agreement or the instruments securing it, the Government at its option may declare the entire debt immediately due and payable and may take any other action authorized therein.

_____ *(Borrower)*
William A. Fouch

October 2, 1992
*(Date)*

_____ *(Borrower)*

UNITED STATES OF AMERICA
FARMERS HOME ADMINISTRATION

By _____
Michael E. Cunningham

Title _____ County Supervisor

Date _____ October 2, 1992

**Exhibit 4**

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of Indiana

| | | |
|---|---|---|
| United States of America | ) | |
| *Plaintiff* | ) | |
| | ) | |
| v. | ) | Civil Action No.  3:19cv404 |
| | ) | |
| William A. Fouch, a/k/a Billy Fouch et al | ) | |
| *Defendant* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

William A. Fouch
a/k/a Billy Fouch
4678 E. County Road 600 South
Walton, IN 46994

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Deborah M. Leonard
Assistant United States Attorney
United States Attorney's Office-NDIN
5400 Federal Plaza, Suite 1500
Hammond, IN 46320

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09)  Summons in a Civil Action (Page 2)

Civil Action No.   3:19cv404

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❐  I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❐  I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❐  I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❐  I returned the summons unexecuted because _____ ; or

❐  Other *(specify):*

.

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of Indiana

| | | |
|---|---|---|
| United States of America | ) | |
| *Plaintiff* | ) | |
| | ) | |
| v. | ) | Civil Action No.   3:19cv404 |
| | ) | |
| William A. Fouch, a/k/a Billy Fouch, et al | ) | |
| *Defendant* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

Solidarity Community Federal Credit Union
Attn: Highest Executive Officer or Registered Agent
201 Southway Blvd, East
Kokomo, IN 46902

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Deborah M. Leonard
Assistant United States Attorney
United States Attorney's Office-NDIN
5400 Federal Plaza, Suite 1500
Hammond, IN 46320

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09)  Summons in a Civil Action (Page 2)

Civil Action No.    3:19cv404

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❒  I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❒  I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❒  I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❒  I returned the summons unexecuted because _____ ; or

❒  Other *(specify):*

.

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a)  PLAINTIFFS

UNITED STATES OF AMERICA

**(b)**  County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)**  Attorneys *(Firm Name, Address, and Telephone Number)*
Deborah M. Leonard, Assistant United States Attorney
USAO - 5400 Federal Plaza, Ste 1500,
Hammond, IN 46320 Tel: (260) 422-2595

## DEFENDANTS

WILLIAM A. FOUCH a/k/a BILLY FOUCH, et al

County of Residence of First Listed Defendant   Cass
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II.  BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☒ 1   U.S. Government
        Plaintiff

☐ 2   U.S. Government
        Defendant

☐ 3   Federal Question
        *(U.S. Government Not a Party)*

☐ 4   Diversity
        *(Indicate Citizenship of Parties in Item III)*

## III.  CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                    *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place<br>of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place<br>of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a<br>Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV.  NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment<br>    & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted<br>    Student Loans<br>    (Excludes Veterans)<br>☐ 153 Recovery of Overpayment<br>    of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product<br>    Liability<br>☐ 320 Assault, Libel &<br>    Slander<br>☐ 330 Federal Employers'<br>    Liability<br>☐ 340 Marine<br>☐ 345 Marine Product<br>    Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle<br>    Product Liability<br>☐ 360 Other Personal<br>    Injury<br>☐ 362 Personal Injury -<br>    Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury -<br>    Product Liability<br>☐ 367 Health Care/<br>    Pharmaceutical<br>    Personal Injury<br>    Product Liability<br>☐ 368 Asbestos Personal<br>    Injury Product<br>    Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal<br>    Property Damage<br>☐ 385 Property Damage<br>    Product Liability | ☐ 625 Drug Related Seizure<br>    of Property 21 USC 881<br>☐ 690 Other<br><br><br>**LABOR**<br>☐ 710 Fair Labor Standards<br>    Act<br>☐ 720 Labor/Management<br>    Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical<br>    Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement<br>    Income Security Act | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal<br>    28 USC 157<br><br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 835 Patent - Abbreviated<br>    New Drug Application<br>☐ 840 Trademark<br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC<br>    3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and<br>    Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 485 Telephone Consumer<br>    Protection Act<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/<br>    Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation<br>☒ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/<br>    Accommodations<br>☐ 445 Amer. w/Disabilities -<br>    Employment<br>☐ 446 Amer. w/Disabilities -<br>    Other<br>☐ 448 Education | **Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate<br>    Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee -<br>    Conditions of<br>    Confinement | **IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration<br>    Actions | ☐ 870 Taxes (U.S. Plaintiff<br>    or Defendant)<br>☐ 871 IRS—Third Party<br>    26 USC 7609 | ☐ 895 Freedom of Information<br>    Act<br>☐ 896 Arbitration<br>☐ 899 Administrative Procedure<br>    Act/Review or Appeal of<br>    Agency Decision<br>☐ 950 Constitutionality of<br>    State Statutes |

## V.  ORIGIN *(Place an "X" in One Box Only)*

☒ 1  Original
       Proceeding

☐ 2  Removed from
       State Court

☐ 3  Remanded from
       Appellate Court

☐ 4  Reinstated or
       Reopened

☐ 5  Transferred from
       Another District
       *(specify)*

☐ 6  Multidistrict
       Litigation -
       Transfer

☐ 8  Multidistrict
       Litigation -
       Direct File

## VI.  CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC § 1345fc
Brief description of cause:
Federal Foreclosure

## VII.  REQUESTED IN
COMPLAINT:

☐  CHECK IF THIS IS A **CLASS ACTION**
     UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
**JURY DEMAND:**    ☐ Yes   ☐No

## VIII.  RELATED CASE(S)
IF ANY

*(See instructions):*

JUDGE _____

DOCKET NUMBER _____

DATE
05/22/2019

SIGNATURE OF ATTORNEY OF RECORD
s/Deborah M. Leonard

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____